Dykman, J.
This is an appeal from a judgment of the county court of Queens county dismissing the complaint of the plaintiff at the close of the testimony on his part. <
The plaintiff hired a portion of the defendant’s house for a residence, and the complaint in this action charges that at the time he hired the same the defendant falsely represented to him that the premises were in a good tenantable and healthy condition, with good and healthy water with a waste pipe in the kitchen, that the floors and walls were dry and a good cellar under the basement, and then negatives those allegations and alleges that the plaintiff and his family became sick and were sickly and unhealthy from the time they took possession of the premises on the first day of May, 1885.
Then the complaint states that the defendant did not deliver possession of the premises as agreed, and withheld certain portions thereof from him. Further, that the defendant wrongfully entered the garden of the plaintiff and carried away fruit therefrom, to which he was entitled, and dug up and destroyed the plaintiff’s flowers and plants, and removed the gates from the plaintiff’s entrance, to admit animals to his premises to annoy him.
And closes by an averment that by these wrongful acts of the defendant the plaintiff sustained damages to the amount of $500, for which he claims judgment. Upon the trial the testimony to prove the false representations of the defendant respecting the condition of the premises was excluded by the court, and exceptions were taken to such exclusion. These exceptions are numerous and the rulings to which they relate were manifest errors which require a reversal of the judgment.
The dismissal of the complaint was also erroneous. When the plaintiff rested there was proof sufficient to carry the case to the jury, and to justify a verdict for some amount independent of the testimony excluded.
The judgment should be reversed and the cause remanded to the county court for trial, with costs to abide the event.
Barnard, P. J., and Pratt, J., concur.